# EXHIBIT "E"

# Expert Opinion Report
## By JOSEPH J. STINE

### QUALIFICATIONS

I am the former Police Chief of New Britain Township Pennsylvania (1990 – 2000). I am the former executive officer of the Police Training Bureau for the City of Philadelphia. In my 25 years with the Philadelphia Police Department I served in every rank from Patrolman through Inspector. I was a Detective for three years and the night command Captain in charge of the Detective Bureau for 2 years. I was a patrol district supervisor at the ranks of Sergeant, Lieutenant and Captain for 12 years. I am the former School Director for the Philadelphia Police Recruit Training Academy. I am currently certified as an instructor for Police training for the Commonwealth of Pennsylvania. I have been retained by the Southeast Pennsylvania Transportation Authority Police Department to develop and deliver training to its officers.

I have been an adjunct faculty member in Criminal Justice Departments at Temple University, Holy Family College, Delaware Valley College and Philadelphia Community College.

I am a graduate of the Federal Bureau of Investigation National Academy and the Police Executive Research Forum. I graduated from St. Joseph University with a Master of Science in Administration of Criminal Justice. I am a life member of the International Association of Chiefs of Police where I served on the Education and Training Committee from 1991 through 2003.

I have been recognized as an expert in the training, practices and procedures utilized by the police in the performance of their duties. My expertise in these areas has been accepted in numerous state and federal courts as well as by the United States Court of Appeals for the Sixth Circuit.

A copy of my curriculum vitae has been previously provided.

I have been retained by Andrew R. Bronsnick to review the case of and pertinent documents and materials relating to Mark Stevens v. City of Newark Police Department, et al. I now render my expert opinion, to a reasonable degree of professional certainty, on the practices and procedures utilized. This opinion is based upon the review of the materials and information made available to me. In rendering this opinion I have utilized my education and experience in law enforcement and academia.

I reserve the right to change or modify this opinion should additional facts, documents or evidence become available to me.

**MATERIALS AND DOCUMENTS REVIEWED:**

1. Complaint;

2. Defendants Answers to Complaint;

3. Mark Stevens Answers to Interrogatories;

4. Newark Police Department Incident report re: arrest of Mark Stevens;

5. Newark Police Department Incident report re: arrest of Raheem Walker;

6. Newark Police Department Incident report re: arrest of Yvonne Davis;

7. Newark Police Department Internal Affairs Investigation file re: complaint by Mark Stevens;

8. Newark Police Department General Order 63-2;

9. Newark Police Department General Order 04-12;

10. Newark Police Department Rules and Regulations Chapter 12;

11. Transcript of Criminal Trial for Mark Stevens;

12. Depositions:

   A. Sgt. Anthony Venancio;

   B. Officer David Nieves;

   C. Officer Silas Smith;

   D. Officer Carlos Alvarado;

   E. Mark Stevens;

   F. Michelle Stevens;

13. Mark Stevens Medical Records from St. Barnabas Hospital;

14. Mark Stevens Medical Records from South Mountain Hospital;

15. Mark Stevens Employee Records from New Jersey Transit;

2

<u>Factual Background</u>

On March 24, 2007 at approximately 9:00 P.M. Mark Stevens was arrested by Officer Silas Smith of the Newark Police Department (NPD). Mark Stevens was arrested for possession of a single vial of crack cocaine and resisting arrest.

Immediately prior to the time of the arrest Mark Stevens was sitting in his brother, Philip Stevens', car having a conversation with Philip. Mark was in the passenger seat and Philip was behind the wheel.

On March 24, 2007 Officers Smith, Alvarado, Nieves and Sgt. Venancio were assigned to the Street Crimes of the NPD. It was their practice to caravan several police cars into areas where they believed various street crimes were being committed. On March 24, 2007 Officer Alvarado was operating a marked NPD police car and his partner Officer Smith was the passenger. Sgt. Venancio was operating an unmarked NPD police car and his partner Officer Nieves was the passenger.

The officers had just completed arresting Tyronne Davis for possession of a vial or vials of crack cocaine and they were on the way back to headquarters to process his arrest. When the officers approached the area 512 South 14th Street they observed an occupied silver Nisan with the motor running parked next to a fire hydrant. They further observed that this Nissan had tinted windows.

The four officers parked their vehicles and approached the parked Nissan. Officer Alvarado and Sgt. Venancio approached the driver's side. Officers Smith and Nieves approached the passenger side.

From that point on the accounts of what took place vary greatly. The officers' accounts of events differs from the accounts of the Stevens' brothers' accounts. Officer Smith's account of what occurred differs depending where and to whom he is speaking.

Officer Smith states that he has the preconceived notion that anyone who walks on the sidewalk or sits in a car in this area is involved in the drug trade and his actions are influenced by that belief.[1]

The officers generally agree that there was a verbal confrontation between Mark Stevens and the officers. Officer Smith states at some time prior to Mark Stevens exiting the vehicle he observed Mark Stevens do one of the following:

[1] Officer Smith's deposition p. 47

- Open his balled up hand and dropped a vial on the floor[2]
- Attempt to throw a glass vial on the floor of the car[3]
- Use his right hand to brush three vials off of the seat and on to the floor of the car[4]

Officer Alvarado states that while they were speaking to the occupants of the Nissan Officer Smith advised him that the passenger, Mark Stevens, was trying to hide an unknown item.[5]

Officer Smith states that he either said "excuse me sir", "please step out"[6] or "come out of the car you're under arrest".[7]

Officers Smith states that Mark Stevens then did one of the following things:

- lunge at him [8]
- attempt to walk past him with his head down[9]
- lunge at him causing his head to strike Officer Smith[10]

Officer Smith states that he then did one of the following:

- pushed Mark Stevens to the ground[11]
- Arm locked and pushed to the ground[12]
- Wrestled him to the ground[13]

Officer Smith states Mark Stevens was placed in handcuffs while on the ground. Officer Smith wrote in his initial report, testified in court and wrote in a statement to Internal Affairs that he then went into the car and recovered a single vial containing crack cocaine. In his deposition Officer Smith states that in addition to the single vial he found on the floor there were two additional vials that had been crushed by Mark Stevens. Officer Smith stated he was certain about these additional vials because he has a clear recollection and a very good memory.

---

[2] Officer Smith's testimony as recorded in the Transcript of Criminal Trial p. 12 & 20
[3] Officer Smith's incident report for the arrest of Mark Stevens
[4] Officer Smith's deposition p. 20-21
[5] Officer Alvarado's signed typewritten statement to Internal affairs.
[6] Officer Smith's deposition p. 21
[7] Officer Smith's testimony as recorded in the transcript of the criminal trial p.14
[8] Officer Smith's signed typewritten statement to Internal affairs.
[9] Officer Smith's testimony as recorded in the transcript of the criminal trial p.14
[10] Officer Smith's incident report for the arrest of Mark Stevens
[11] Officer Smith's testimony as recorded in the transcript of the criminal trial p. 14
[12] Officer Smith's testimony as recorded in the transcript of the criminal trial p. 8
[13] Officer Smith's signed typewritten statement to Internal affairs.

Mark Stevens and his brother Philip Stevens have a completely different recollection of the events that transpired on March 24, 2007.

Unlike Officer Smith's preconceived notion about the area the Stevens brothers believe that normal law abiding citizens can and do use the streets and sidewalks in this area and their actions were influenced by this belief.

They state that while they were seated in the car having a conversation the officers came up to them and opened the doors of the car and shined flashlights in their eyes. They state that Mark Stevens questioned the officers about why he and his brother were being treated like this. They state that in response to this question Mark Stevens was physically pulled out of the car, head butted by Officer Smith and thrown to the ground where he was handcuffed.

Mark and Philip Stevens deny that there was any vial or vials of crack cocaine in the Nissan and they allege that Officer Smith placed it there or it fell from his pocket as he searched the car. Officer Smith had narcotics from the arrest of Tyronne Davis in his pocket at the time of the encounter with Mark Stevens.

The officers allege that Mark Stevens was using profanity throughout this encounter. Mark and Philip Stevens deny that Mark used any profanity. Mark Stevens asserts that he had been "saved" and never uses profanity.

Mark and Philip Stevens allege that the officers were using profanity throughout this encounter. The officers deny using any profanity. The officers assert that the use of profanity is contrary to their professional standards.

In a bench trial Mark Stevens was found not guilty of all charges.

Opinions

#1.

It is my opinion to a reasonable degree of professional certainty that Officer Smith was not in accord with generally accepted practices and procedures for professional police officers when he improperly secured the suspected crack cocaine after the arrest of Tyronne Davis.

Professional police officers are trained to understand that the chain of custody for evidence is a crucial factor in having that evidence introduced at trial. Professional police officers training and experience tells them that every effort should be made to eliminate all possibilities for contamination of the evidence. Officer Smith carried the confiscated crack cocaine with him while he conducted the arrest/search of Philip Stevens' vehicle. A professional police officer knows that it is contrary to their training and experience to introduce contraband into a crime scene. A professional police officer knows that when they carry contraband into the scene of a search they compromise the integrity of that search.

Mr. Davis had been arrested for possession of crack cocaine. Officer Smith has testified that one vial of crack cocaine was confiscated from Mr. Davis. Officer Smith placed that crack cocaine in his pocket for transport to the police station with Mr. Davis. Prior to arriving at the police station Officer Smith participated in a vehicle investigation which eventually led to the arrest of Mark Stevens for a single vial of crack cocaine. This arrest occurred after Officer Smith discovered a vial that was identical to the one attributed to Mr. Davis except that one had a blue stopper and the other had a black stopper.

Officer Alvarado was Officer Smith's partner when these arrests were made. He testified that during the earlier arrest, heroin and cocaine were recovered. When he was asked how those drugs were packaged he testified that they were in vials.[14] This testimony contradicts Officer Smith's testimony that a single vial was recovered in that arrest.

Officer Smith was carrying the crack cocaine from the earlier arrest in his pocket when he entered the vehicle. When Officer Smith introduced this contraband into that vehicle there was a very real possibility that it could accidentally or intentionally have been placed there by Officer Smith. Professional police officers training and experience tells them that the purpose of gathering evidence at a crime scene is to allow that evidence to be presented at trial. Professional

---

[14] Alvarado testimony as recorded in the transcript of the criminal trial for Mark Stevens  p. 23

6

police officers know that when the officer does not follow the proper procedures for the handling of evidence the reliability of that evidence is called into question.

#2.

It is my opinion to a reasonable degree of professional certainty that Officer Smith's testimony in this case is not in conformity with generally accepted practices and procedures for professional police officers.

Professional police officers' training teaches them to know that in many instances it is their testimony that shows the court that probable cause for an arrest existed at the time of the arrest. In this case a crucial issue is what Officer Smith did or didn't see when he was looking into the car prior to the arrest.

It is neither my place nor my intention to opine on the credibility of any witness in this matter. It is my place to examine the materials generated during the investigation of this matter and offer opinions on whether the actions of the officers involved is in conformity with generally accepted practices and procedures for professional police officers.

In many cases with active police officers who make numerous arrests of a similar nature, the officers have great difficulty recalling the details of their arrests. That is why officers are trained to make sure that they cover the pertinent details in their initial reports. In this case, Officer Smith made assurances that this is not a problem.

In his deposition, Officer Smith was asked the following question in relation to the details of what he observed Mark Stevens doing while Mark Stevens was seated in the vehicle:

> Q. Is there a reason why you remember this incident? I assume you've encountered many individuals?
>
> A. This is what I do for a living. I'm trained. I have a pretty good memory on stuff like that particular situation. Other things don't stick out but that one does[15]

The testimony of Officer Smith and his partner Officer Alvarado is not consistent. A critical part of this case is what Officer Smith observed in the car. Officer Smith has described what he purports to have seen in great detail. The problem is that those details vary so widely on the essential details of what occurred, that they are mutually exclusive and could not have all occurred.

---

[15] Officer Smith's deposition p. 21-22

In his initial report Officer Smith writes that he witnessed an attempt to throw one vial on the ground. A professional police officer with his training and experience knows that an attempt is an uncompleted act.

That description is in direct conflict with the description and physical reenactment he offered during the criminal trial. At that time Officer Smith stated and reenacted that he saw Mark Stevens open a balled up fist and allow a single vial to fall to the floor of the car. This is description of a completed event not an attempt. In this recitation of the events the actions attributed to Mark Stevens would not be considered to be an act of throwing an item.

Those descriptions are in direct conflict with the description and physical reenactment he offered during his deposition in this matter. At that time Officer Smith stated and reenacted that he saw Mark Stevens use his hand to brush three vials off of the seat from between his legs and on to the floor. This is description of a completed event not an attempt. The actions attributed to Mark Stevens would not be considered to be an act of throwing an item. The actions attributed to Mark Stevens would not be considered to be the act of opening a hand and letting something drop to the floor. During Officer Smith's deposition testimony the number of items alleged to have been dropped by Mark Stevens changes from one to three. During that same testimony Officer Smith recalled for the first time that Mark Stevens attempted use his foot to crush the vials that he had dropped.

These are not minor, inconsequential inconsistencies. These are descriptions of totally different actions. These are descriptions of mutually exclusive actions.

In addition to Officer Smith's inability to consistently describe what he saw, there is Officer Alvarado's sworn testimony that Officer Smith told him that he observed Mark Stevens drop some unknown object.

It is my opinion that a professional police officer's training and experience would cause them to know that based on these inconsistent and mutually exclusive descriptions in the testimony of these officers it is impossible to know where the vial or vials of crack cocaine attributed to Mark Stevens came from.

#3.

It is my opinion to a reasonable degree of professional certainty that Officer Smith did not have the prerequisite probable cause to place Mark Davis under arrest.

Professional police officers know that they must have probable cause before they make an arrest. Professional police officers know that an arrest cannot be justified by evidence that is discovered after the arrest.

If Officer Smith did not know where the vial he attributes to Mark Stevens came from (see opinions #1 &#2) he did not have reason to believe that Mark Stevens was in possession of that vial.

#4.

It is my opinion to a reasonable degree of professional certainty that the force used by Officer Smith was excessive and not in accord with generally accepted practices and procedures for professional police officers.

If Officer Smith did not have the prerequisite probable cause (see opinion #3) to arrest Mark Stevens then any force used to effectuate that illegal arrest would have been excessive.

If in arguendo I were to assume that Officer Smith did have the prerequisite probable cause then it is my opinion that the force he used was not in conformity with generally accepted practices and procedures for professional police officers.

Officer Smith states that he asked Mark Stevens to please step out of the car and Mark Stevens complied. Officer Smith alternatively states that Mark Stevens either attempted to walk past him or used his head to butt the officer's chest and lower face.

I will opine of the head butt scenario first. If Officer Smith asked Mark Stevens to please exit the car then Mark Stevens was complying with Officer Smith's request when he exited the vehicle. It is my opinion that a reasonable person encountering this scenario would not have reason to believe that they were under arrest.

Officer Smith states that he deliberately placed himself in the opening of the door blocking Mark Stevens exit route from the car. Officer Smith states that he was standing up close to the car.

It is my opinion that if a person were standing in the place where Officer Smith describes himself to have been standing it would have been highly likely that the person getting out of the

9

car would come into physical contact with the person who was intentionally blocking the way. The normal process for exiting from the seated position in a parked motor vehicle would have placed Mark Stevens head in close proximity to Officer Smith chest and chin area where Officer Smith alleges he was struck.

Officer Smith states that the purpose for him standing in that location was to block Mark Stevens' exit route. Based on Officer Smith's testimony he was successful. It is my opinion that a reasonable person encountering this scenario would not have had reason to believe they were under arrest. If Mark Stevens could not have reasonably known he was under arrest he could not have been resisting that arrest.

From the description supplied by Officer Smith this tactic was successful and because of its success Mark Stevens came in contact with Officer Smith. It is my opinion that this contact would not have caused a reasonable person to have had reason to believe that they were under arrest.

In response to the incidental contact caused by Officer Smith's positioning, Officer Smith then unilaterally introduced force into the encounter when he either pushed, wrestled or used and arm hold to take Mark Stevens to the ground.

A professional police officer is trained to understand that unless conditions and/or circumstances would necessitate the use of physical force, all persons being physically arrested should be given the opportunity to comply with verbal commands. These commands when complied with offer the safest and most effective way to accomplish an arrest.

The sequence for properly conducted arrest would be initiated by informing the person they were under arrest. Then the officer would tell the person to turn around and put their hands behind their back for handcuffing. This is the way that most arrests occur. In this case Officer Smith violently, suddenly and without warning either pushed, wrestled, took or used an arm hold to force Mark Stevens to the ground.

Mark Stevens had been argumentative with Officer Smith. He exercised the right of a citizen and he questioned Officer Smith's reasons and tactics for initiating this vehicle investigation. In all of Officer Smith's various versions of the events that transpired prior to Mark Stevens exiting the vehicle there was not one indication that Mark Stevens in any way threatened any of those officers.

Officer Smith had given Mark Stevens two instructions:

The first was for Mark Stevens to lower his window and Mark Stevens complied.

The second was for Mark Stevens to get out of the car "Excuse me Sir" " Please get out of the car" and Mark Stevens complied.

It is my opinion that Officer Smith's use of force was contrary to generally accepted practices for professional police officers. It is further my opinion that this force unilateral, unprovoked, unnecessary, unprofessional and excessive.

In the second scenario offered by Officer Smith Mark Stevens does not head butt Officer Smith. In this scenario Mark Stevens tries to push his way past Officer Smith.

It has already been established that Officer Smith's self admitted intention was to obstruct the doorway of the vehicle thereby restricting the movements of Mark Stevens as he exited the vehicle. In order for Mark Stevens to carry out Officer Smith's directions to please step out he would have had to come in contact with Officer Smith to make room for himself outside the car.

Officer Smith states that he believed that Mark Stevens was trying to leave the scene where minor motor vehicle violations were being addressed. It is my opinion that in the scenario described by Officer Smith a reasonable person would not have had reason to believe that they were under arrest. It is further my opinion that the same reasonable person would have believed that they were free to leave. If Mark Stevens could not have reasonably known he was under arrest he could not have been resisting that arrest.

The officers were addressing motor vehicle violations. Mark Stevens was not involved in the operation of the vehicle. Mark Stevens remained in the vehicle until he was requested to exit the vehicle. The only way Mark Stevens could have been expected to know that he was not free to leave would have been if Officer Smith informed him of that fact. Officer Smith states he merely politely asked Mark Stevens to exit the vehicle.

If in arguendo I were to assume that Mark Stevens was in fact attempting to leave the scene where motor vehicle violations were being addressed it would be my opinion that it would have been reasonable for him to believe he was free to leave.

Professional police officers are trained to understand that they are required to give clear and concise instructions to solicit the cooperation of the public. In this case the only clear and concise instruction was please exit the vehicle. That instruction was complied with.

11

It is my opinion that if Mark Stevens was not free to leave then it was incumbent on Officer Smith to inform him of that prior to escalating to the use of force by pushing, wrestling, taking Mark Stevens to the ground or using an arm hold to force Mark Stevens to the ground.

#5.

It is my opinion to a reasonable degree of professional certainty that Officer Smith's actions toward Mark Stevens were based on pre-conceived conclusions, stereotyping and profiling. It is further my opinion that these actions were contrary to generally accepted practices and procedures for professional police officers.

Officer Smith described the location of the stop in this way:

> It's a heavily—it's a territory. It's a gang territory. If you're not buying you gotta go. You're not allowed to walk down that street unless you're part of the drug trade. If you're sitting there at night, you're somebody on that block. That block receives complaints daily from people who live there that are like hostages. It's bad.[16]

Professional police officers are trained and warned about the dangers of allowing themselves to act on assumptions like these. No matter how bad the neighborhood, no matter how serious the drug or violence problem is, there are still law abiding citizens who live there. In most cases those citizens make up the majority of those living in the neighborhood. Those citizens are guaranteed the same constitutional protections from an intrusive and oppressive government as are all other citizens. Even when officer deal with persons who are actually committing crimes there are rules about how those persons and their violations are to be treated. Police officers must be ever vigilant to protect the rights of all persons.

Professional police officers take an oath to uphold the constitution. Professional police officers are trained to understand that they must be steadfast in their efforts to conform to that oath. It is all too easy to adopt methods that put aside that oath in order to solve some crime or arrest some criminal. The problem is that without those guarantees we are all subject to the whim of the governmental agent.

---

[16] Officer Smith deposition p. 47

The courts and legislature have recognized that some leeway must be given to officers working in high crimes areas. This is why the Terry Court allowed pre-arrest frisks and pat-downs. This encounter was not such an occasion.

Officer Smith has fallen into a dangerous mindset. It is a mindset that professional police officers are trained to avoid. Thinking like this is dangerous. It leads to incidents like the one we have here. His statement about this area makes it clear that anyone who fits Officer Smith's preconceived conclusions must be involved in the drug trade.

The danger of this attitude is evidenced in Officer Smith's own statement. At first he says that anyone and everyone on that street must be involved in the drug trade. Then he says that the law abiding citizens make complaints every day. The problem with Officer Smith's stereotype is that it makes no provision for the constitutional rights of all those he encounters. If the person fits the profile by being present in the block they must be involved in the drug trade and treated accordingly.

When Officer Smith approached that vehicle he was already certain about what he was going to find. He knew with certainty that the occupants of that vehicle had to be somehow involved in the illegal drug business, because according to his faulty profile everyone on that block has to be. He acted on that certainty and Mark Stevens suffered the consequences.

The law considers the amount of crack cocaine alleged to have been recovered from the vehicle to be for personal use. Officer Smith refuses to consider that Mark Stevens voluntarily took and paid for blood test a day after he was arrested to prove he was not using illegal drugs. Officer Smith refuses to consider that there was no paraphernalia for the use of crack cocaine located in or near the car or on Mark Stevens' person.

Even though Mark Stevens was found not guilty of all charges related to this matter, Officer Smith persists in his certitude that Mark Stevens is somehow involved in the drug trade. The lack of even a reasonable suspicion has not dissuaded Officer Smith from that certitude. Based on the stereotype and profile Mark Stevens was in that area so he must be involved in the drug trade. In Officer Smith's deposition testimony regarding Mark Stevens he continues to make unsubstantiated claims and allegations about Mark Stevens.

13

*All of the previous opinions are based on the testimony and writings of the officers involved in the arrest of Mark Stevens. Opinion # 6 is based on Mark & Philip Stevens' version of the events that transpired.*

#6.

It is my opinion to a reasonable degree of professional certainty that Officer Smith, Alvarado, Nieves and Sgt. Venancio's actions were not in accord with generally accepted practices and procedures for professional police officers when they arrested Mark Stevens.

The officers were merely in the process of addressing motor vehicle violations. They had no reasonable suspicion that any criminal activity was afoot. They only thing they were justified to do was to ask for the license and owners registration for the vehicle.

They did much more than that. They blocked Philip Stevens in so that he could not pull away from the fire hydrant. They opened the car doors and forcefully pulled the occupants out of the car. Officer Smith head butted Mark Stevens. Officer Smith threw Mark Stevens to the ground and injured him. At the time of this incident the only apparent reason for this violent treatment was that Mark Stevens had the audacity to question why they were being treated in this manner. Based on Officer Smith's deposition testimony the primary reason for this treatment was Officer Smith's profiling of anyone who happened to be in that area. (see opinion #5)

No drugs were in the car until after the officers placed them there. They arrested Mark Stevens without probable cause for a vial of crack cocaine that was not in his possession. They arrested Mark Stevens without probable cause for resisting arrest. The officers knew Mark Steven did not resist. They injured Mark Stevens by using unnecessary and excessive force to effectuate an arrest that they knew was illegal. They arrested a 37 year old New Jersey Transit Bus driver with no prior record because he did not quietly submit to having his constitutional rights violated.

## Concluding Opinion

It was very difficult to formulate opinions in this matter due to Officer Smith's inability to give a coherent and consistent account of the essential elements of this encounter. It is my opinion that there was one thing that was consistent with both the statements and actions of all

the officers present at this encounter between the Stevens brothers and the NPD. That was the disdain and total lack of respect the officers had for the constitutionally guaranteed rights of any person or persons who happened to be on the streets or sidewalks where this incident occurred. It is further my opinion that this disdain is contrary to generally accepted practices and procedure for professional police officers.

All of the opinions I have offered in this report are to a reasonable degree of professional certainty. Those opinions are based on the data listed in the Materials and Documents Reviewed section of this report. In forming these opinions I have also relied on the knowledge and experience that I have accumulated in more than 40 years as a police officer, police supervisor and police trainer. In addition I have utilized my education and training in the field of law enforcement and from the world of academia to guide me in the formation of these opinions.

Joseph J. Stine February 7, 2011

CURRICULUM VITAE
JOSEPH J. STINE

754 S. Settlers Circle
Warrington, PA 18976
Phone 215.491.0527

1.   Professional Experience:

| | | |
|---|---|---|
| 1999-Present | Founder President | JJS Consulting Associates Incorporated |
| 2004-2006 | Content Area Specialist | Temple University Criminal Justice Training Programs |
| 1990-2003 | Education and Training Committee | International Association of Chiefs of Police |
| 1990-2000 | Chief of Police | New Britain Township Police |
| 1988-1990 | Inspector | Executive Officer, Philadelphia Police Training Bureau |
| 1986-1988 | Captain | C O, Recruit Training Phila. Police Academy |
| 1984-1986 | Captain | C O, 12th Police District |
| 1982-1984 | Captain | C O, 5th Police District |
| 1981-1982 | Captain | C O, Detective Night Command |
| 1977-1981 | Lieutenant | Shift Commander, Patrol District |
| 1972-1977 | Sergeant | Platoon Leader, Patrol District |
| 1970-1972 | Detective | Homicide Division |
| 1968-1970 | Detective | Northwest Detective Division |
| 1966-1968 | Police Officer | 7th Patrol District |

1

CURRICULUM VITAE
JOSEPH J. STINE

2.  Teaching:

1992-Present            Commonwealth of Pennsylvania Mandatory in Service
                        Training Instructor & Basic Training Instructor

1992- Present           Temple University Law Enforcement
                        Training Consultant

2003- 2005              Pennsylvania Liquor Control Board
                        Training Instructor for police

2001                    Southeast Pennsylvania Transportation
                        Authority Police Department
                        Course Development and Presenter

1993-2000               Delaware Valley College, Adjunct Faculty
                        Criminal Justice Curriculum

1988-1997               Philadelphia Police Academy Basic Training Instructor

1986- 1992              Philadelphia Community College, Adjunct Faculty
                        Criminal Justice Curriculum

1987- 1990              Philadelphia Police Academy,
                        School Director

1986-1994               Holy Family College Adjunct Faculty
                        Criminal Justice Curriculum

3.  Organizations:

1965-Present    Member    Fraternal Order of Police

1980-Present    Member    Southeast Pennsylvania Chiefs
                          Association

1986-Present    Member    Delaware Valley Association
                          of Professional Police Officials

2

CURRICULUM VITAE
JOSEPH J. STINE

| 1986-Present | Member | Federal Bureau of Investigation National Academy Associates |
| 1986- Present | Life Member | International Association of Chiefs of Police |
| 1988-2002 | Member | Pennsylvania Chiefs of Police |
| 1990-2002 | Member | Bucks County Chiefs of Police |
| 1996- 2000 | Charter Member | Bucks County Commission On Human Relations |

4.  Education:

St. Joseph's University                          MS, Administration Of
                                                 Criminal Justice

Temple University                                BA, Social Science
                                                 Summa cum Laude

Philadelphia Community                           A.A.S., Criminal Justice
College                                          Magna Cum Laude

Police Executive Research Forum                  1988 Completed Senior
                                                 Management Institute

Federal Bureau of Investigation                  1986 Completed National
                                                 Academy

3

**J J S Consulting Associates Inc.**
Certified Law Enforcement Advisor
754 S. Settlers Circle
Warrington PA 18976

(215) 491-0527
FAX (215) 491-2030
email: jjsconsultinginc@comcast.net

February 7, 2011

Dear Mr. Bronsnick:

My fee schedule is as follows: $275.00 per hour for all time spent working on the case and $100.00 per hour travel time.

The fee for deposition days is $ $2,200.00 per day or . The fee for trial testimony court days $2,750.00 per day. The fee for days spent in court when not testifying is $1,200.00 per day. All fees are plus expenses.

Very truly yours,

Joseph J. Stine

Joseph J. Stine Publications:

June 2001 The Police Chief Magazine -- A Ballistic Vest Against Law Suits; Protecting yourself and your department against civil liability.

March 2002- Guest column in Philadelphia Inquirer re: recent problems in the Catholic Church

April 2002- Guest column in Philadelphia Inquirer re: Crime Victimization in the African American Community.

June 2002- Guest column in Philadelphia Inquirer re: Difficulties of being a police officer in Pennsylvania.

May 2006- Guest column in Philadelphia Inquirer re: The Death of Former Police Commissioner Solomon.

<u>Trial cases involving court testimony & or depositions as of 8-13-10</u>

<u>for Joseph J. Stine</u>

(Per amended Rule 26 of Federal Rules of Civil Procedure
concerning testifying experts)

<u>Jason Yaletchko v. Charles Bennish, Charles Bennish , Susan Rollman, et al. v. Upper
Chichester Police Department, et al.</u>
Court of Common Pleas Delaware County PA No. 07-13232
Attorney Sheryl Brown Philadelphia, PA
Case review and consultation with opinion report and trial testimony

<u>Richard A. Shultz vs. Carlisle Police Department, et al.</u>
U.S.D.C. for the Central District of Pennsylvania Civil Action No. 1:08-cv-1896
Attorney David MacMain, West Chester, PA
Case review and consultation with opinion report and trial testimony

<u>James E. Healy v. William F. Shields, et al.</u>
U.S.D.C. for the Eastern District of Pennsylvania Civil Action No. 09-2982
Attorney Robert DiDomenicis Media. PA
Case Review and consultation with opinion report and trial testimony

<u>Imari Malik Charles v. Prince George's County, Maryland, et al.</u>
Circuit Court for Prince George's County, Maryland CAL 09- 26317
Attorney Timothy Maloney Green Belt, MD.
Case Review and consultation and deposition

<u>Joyce Cianfrani and Lisa Russell v. City of Clifton Heights, et al.</u>
U.S.D.C. for the Eastern District of Pennsylvania Civil Action No. 09-0046
Attorney Robert DiDomenicis Media. PA
Case Review and consultation with opinion report and trial testimony

<u>Melinda Chapman v. State of New Jersey, et al.</u>
U.S.D.C. for the State of New Jersey Civil Action No. 08-4130 (AET-TJB)
Attorney Deputy Attorney General Thomas E. Kemble Trenton, NJ
Case review and consultation with opinion report and deposition

<u>Robert Wilson v. James O'Brien, et al.</u>
U.S.D.C. for the Northern District of Illinois, Eastern Division Civil Action No. 07-3994
Attorney Locke E. Bowman Chicago, IL
Case review and consultation with opinion report and deposition

David Cooper v. Reginald A. Roberts, et al.
U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No. 08-CV-346
Attorney Paola Kaczynski Philadelphia, PA
Case review and consultation with opinion report and deposition

Keith A. Rosenberg v. City of Easton, et al.
U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No. 06-3719
Attorney David Mac Main West Chester, PA
Case review and consultation with opinion report and court testimony.

Marcus Lyons v. Village of Woodridge, et al.
U.S.D.C. for the Northern District of Illinois, Eastern Division No. 08 C 5063
Attorney Aaron Mandel Chicago, IL
Case review and consultation with opinion report and deposition.

Mary Franks v. Cape May County Sheriff's Department, et al.
U. S. D. C. for the District of New Jersey, 07-CV-06005
Attorney Brian H. Leinhauser West Chester, PA
Case review and consultation with opinion report and deposition.

Wanda Moore and Chester Glenn, et al. v. City of Pittsburgh, et al.
Allegheny County Common Pleas Court, GD No. 08-0999
Attorney John Doherty, Pittsburgh, PA
Case review and consultation with opinion report and court testimony.

Joseph Henry Walker et al. v. City of Pittsburgh, et al.
Allegheny County Common Pleas Court, GD No. 08-009389
Attorney John Doherty, Pittsburgh, PA
Case review and consultation with opinion report and court testimony.

Laura Ramirez, et al. v. City of Chicago, et al.
U.S.D.C. for the Northern District of Illinois, Eastern Division No. 05 C 317
Attorney Jon Loevy, Chicago, IL
Case review and consultation with opinion report and deposition.

Michael J. Snow v. David C. Dewey
U.S.D.C. for the District of Vermont Civil Case No. 2:09-cv-00137-wks
Attorney Robert Kaplan Burlington, VT
Case review and consultation with opinion report and deposition

D.M. v. State of New Jersey, et al.
Superior Court of New Jersey Docket No. HUD-L-1090-08
Attorney Rosemarie Arnold, Fort Lee, NJ
Case review and consultation with opinion report, deposition and court testimony.

2

Henry A. Weiner, et al. vs. Officer Lance Frost
U.S.D.C. for Eastern Pennsylvania Civil Action No. 07-1364
Attorney David MacMain, West Chester, PA
Case review and consultation with opinion report and court testimony.

Richard R. Sedell vs. Officer William Paynter, et al.
U.S.D.C. for the District of New Jersey, Newark  Civil Action No. 2:08-CV-3151
Attorney Sharon Moore, Clinton, NJ
Case review and consultation with opinion report and deposition.

Timothy Clair Shannon vs. Officer Michael Koehler, et al.
U.S.D.C.  for the Northwestern District of Iowa, Western Division
Attorney Jason Gann, Sioux City, IA.
Case review and consultation with opinion report and deposition.

Terry R. Sanford, et al. vs. Commonwealth of Virginia, et al.
U.S.D.C. for The Eastern District of Virginia, Richmond Division
Attorney Richard C. Ferris II, Chesterfield ,VA.
Case review and consultation with opinion report and deposition.

Estate of Charles E. Cryster vs. Bensalem Township, et. al
 Court of Common Pleas of Bucks County, Pennsylvania
Attorney Christopher Cosgrove, Philadelphia, PA.
Case review and consultation with opinion report and court testimony.

Joseph Dimeo, et al. v. Patricia Sciortino, et. al
Supreme Court of The State of New York County of Richmond
 Attorney Joseph Savona, New York, NY
Case review and consultation with opinion report and court testimony.

Robert Steinberg v. Holland Township, et al.
Superior Court of New Jersey Law Division – Hunterdon County L-329-07
Attorney Steven Farsiou, Clinton, NJ
Case review and consultation with opinion report and deposition.

Kevin Farnan v. Brian Turner, et al.
U.S.D.C. Vermont 2:08-cv-211
Attorney Devin McLaughlin, Middlebury, VT.
Case review and consultation with opinion report and deposition.

Pamela Hellmann, et.ux, v. Rosslyn Farms PD, et al.
U.S.D.C. Western District of Pennsylvania 07-1373
Attorney Paul Krepps, Pittsburgh, PA
Case review and consultation with opinion report and deposition.

Juan Johnson vs. City of Chicago, et al.
U.S.D.C. for the Northern District of Illinois, Eastern Division No. 05 C 1042
Attorney Jon Loevy, Chicago, Illinois
Case review and consultation with opinion report and deposition.

Alicia Buchanan vs. West Whiteland Township, et al.
U.S.D.C. for Eastern Pennsylvania Civil Action No.08-00462
Attorney Mathew J. Connell, Media, PA.
Case review and consultation with opinion report and trial testimony.

Team Effort Inc. t/a Hammerheads vs. City Of Virginia Beach, et al.
U.S.D.C. for Eastern District of Virginia Norfolk Division Civil Action No. 2:07cv614
Attorney Hunter W. Sims, Jr. Norfolk, VA.
Case review and consultation with opinion report and trial testimony.

Shirl Barkley, etc. vs. City of Newport News, et al.
U.S.D.C. for Eastern Virginia, Newport News Division Civil Action No. 4: 08cv15
Attorney Allen L. Jackson, Chief Deputy City Attorney City of Newport News, VA.
Case review and consultation with opinion report and deposition

Donte Tate vs. West Norriton Township, et. al.
U.S.D.C. for Eastern Pennsylvania Civil Action No. 06-4068
Attorney Scott V. Gottel, Media, Pa.
Case review and consultation with opinion report and trial testimony.

Rodney Mayo vs. John Winn, et.al.
Superior Court for the State of Vermont in and for the County of Chittenden
NO. S0952-05 CnC.
Attorney Robert Kaplan, Burlington, Vermont
Case review and consultation with opinion report, deposition and trial.

Darian Ehler vs. Belleville Police Department, et. al.
Superior Court of New Jersey Law Division – Essex County
Attorney Timothy H. Alexander Totowa, NJ
Case review and consultation with opinion report, deposition

John J. Zimmie vs. Glasgow
Montgomery County Pennsylvania CCP: No.: 05-05678
Attorney James H. Rolfing, Philadelphia, PA
Case review and consultation with opinion report and trial testimony

Ronald Johnson v. City of Chicago, et. al
U.S.D.C. for the Northern District of Illinois, Eastern Division No. 05 C 6545
Attorney Samantha Liskow, Chicago, Illinois
Case review and consultation with opinion report and deposition

Lawrence Hanna v. Upper Pottsgrove Township, et. al.
Court of Common Pleas for Montgomery County, Pennsylvania No. 04-06269
Attorney Christopher P. Gerber, Chester Springs, Pa.
Case review and consultation with opinion report and trial testimony.

Elizabeth Hammock and Diane Docket and Claudette Brown v. Borough of Upper Darby,
et al.
U.S.D.C. for Eastern Pennsylvania Civil Action No. 06-1006
Attorney Matthew Connell, Media, Pa.
Case review and consultation with opinion report and trial testimony.

Christy Caldwell Administratrix of the Estate of Rebecca Cay Caldwell, Deceased v. City
of Louisville
U.S.D.C.  for Western District of Kentucky At Louisville Civil Action NO. 3:01-CV-
195-J
Attorney William J. Driscoll, Louisville, Kentucky
Case review, consultation with opinion report, deposition and trial testimony.

 Victoria Griffy Administratrix of the Estate of Eugene Griffy, et al. v. East Earl
Township, et al.
U.S.D.C. for Eastern Pennsylvania No. 06-1280
Attorney Thomas Gallagher, Media, Pa.
Case review, consultation with opinion report and trial testimony.

Ava Lyn Ice, Executor of the Estate of Mabel Trapp, et al., v. Village of Evendale et al.,
Court of Common Pleas Hamilton County, Ohio No. A0605696
Attorney: Robert S. Hiller, Cincinnati, Ohio
Case review, consultation and deposition.

Ronald W. Koch v. Lance Schaible, et al.
U.S.D.C. For Eastern District of Virginia ( Alexandria Division ) CA No. : 1:06cv1262
Attorney David J. Fudala, Fairfax, VA.
Cases review and consultation with opinion report and trial testimony.

Aileen Diaz Morales v. City of Reading, et al.
U.S.D.C. For Eastern Pennsylvania No.04-CV-4032
Attorney: David J. Mac Main, Philadelphia, Pa.
Case review and consultation with opinion report and trial testimony.

Darlene Moore v. City of Chicago, et al.
U.S.D.C. for the Northern District of Illinois, Eastern Division No. 02 C 5130
Attorney Amanda Antholt Chicago, Illinois
Case review and consultation with opinion report, deposition and trial testimony.

5

Estate of Gregory Jones, by Vanilla Jones Simmons as Special Administrator of the
Decedent's Estate, and Anjanine Williams on behalf of Detondra Mitchell, her minor
child, v. City of Chicago, et al.
U.S.D.C. for the Northern District of Illinois, Eastern Division No. 04 C 3742
Attorney Arthur Lovey Chicago, Illinois
Case review and consultation with opinion reports and deposition.

Delena K. Long, et al. v. City of Baltimore, et al.
Maryland Circuit Court for Baltimore City Case No.: 24-C-04-006090
Attorney Michael S. Greene Owings Mills, Maryland
Case review and consultation with deposition and trial testimony.

Estate of Harry Smith III, et al. v. Wilmington Police Department, et al.
U.S.D.C. for the District of Delaware Civil Action No. 04-1254-GMS
Attorney Anne Sulton Olympia, Washington
Case review, consultation and opinion report with deposition and trial testimony.

Cheryl Stochel, et al. v. Township of Pemberton, et al.
U.S.D.C. for the District of New Jersey Civil Action No. 04CV1575
Attorney Frances A. Hartman, Moorestown, NJ.
Case review and consultation with opinion report and deposition.

Debbie L. Florence, Administratrix, et al. v. Town of Plainfield, et al.
State of Connecticut Superior Court Complex Litigation Docket,
Judicial District of Toland Case # X07 CV-03-0084216
Attorney: Charles A. Deluca, Stamford, CT
Case review and consultation with opinion report and deposition.

Juanita Reed, et al. v. District of Columbia, et al.
U.S.D.C. for the District of Columbia Case No. 1:03-CV-01085
Attorney: Walter Blair, College Park, MD
Case review and consultation with opinion report and deposition.

Shane Bucherl v. Allen County Sheriff's Department, et al.
U.S.D.C. For the Northern District of Ohio Western Division Case No. 3:04CV7353
Attorney: Elliot Richardson, Chicago, IL
Case review and consultation with opinion report and deposition.

Amanda Morrison, et al. v. Board of Trustees of Green Township, et. al.
U.S.D.C. For Southern District of Ohio Western Division No. 1-03-755
Attorney: Tabatha Justice, Dayton, OH
Case review and consultation with opinion report, deposition and trial testimony.

6

John Kennedy v. Lower Southampton Township, et al.
U.S.D.C. For Eastern Pennsylvania No.04-CV-1195
 Attorney: Robert P. Di Domenicis Media, PA
Case review and consultation with opinion report and trial testimony.


 Patricia Deemer v. Borough of West Chester, et al.
U.S.D.C. For Eastern Pennsylvania No.03-CV-6536
 Attorney: Janelle Fulton, Philadelphia, PA
Case review and consultation with opinion report and Daubert Hearing and trial
testimony.


Chester A. Tschappat v. Schuylkill Haven Police Department, et al.
U.S.D.C. For Middle Pennsylvania 3:CV-01-2279
 Attorney: Gerald Hanchulak, Scranton, PA
Case review and consultation with opinion report and trial testimony.


Daniel Claeys v. Town of Brookfield, et al.
U.S.D.C. for Northern Illinois 03-C-3676
 Attorney: Amanda Antholt Chicago, IL
Case review and consultation with opinion report and deposition.


Madeline Cruz v. Pennridge Regional Police Department, et al.
U.S.D.C. For Eastern Pennsylvania 02-CV-4372
 Attorney: Malissa Sill, Philadelphia, PA
Case review & consultation with opinion report and trial testimony.


John Sterling v. City of Erie  et al.
U.S.D.C. For Western Pennsylvania C.A. No. 02-34 Erie
 Attorney: Richard A. Lanzillo, Erie, PA
Case review and consultation with opinion report and trial testimony.


Estate of David Cotton v. Windsor Locks, et al.
U.S.D.C. for Connecticut Civil Action No.: 3: 01CV01203 (AVC)
 Attorney: John Radshaw, III, Hartford, CT
Case review and consultation with opinion report and deposition.


Floyd B Moore et al. v. Borough of Darby, et al.
U.S.D.C. For Eastern Pennsylvania 01-CV-7707
 Attorney: Robert P. Di Domenicis Media, PA
Case review and consultation with opinion report and trial testimony.


Eric Freeman, et al v. City of Easton, et al.
U.S.D.C. Eastern District of Pennsylvania, 01-CV-4058
 Attorney: Daniel Dugan Philadelphia, PA
Case review and consultation with opinion report and trial testimony.

Michael Martin v. Norwood Borough, et al.
Pennsylvania Court of Common Pleas, Delaware County CCP No. 97-16555
 Attorney: Andrew Adair, Media, PA
Case review and consultation with opinion report and trial testimony.

Joseph R. Parrish Personal Representative of Tony Marcel Lee Deceased v.
Commonwealth of Va., et al.
U.S.D.C. Eastern District of Virginia, CIV #02-582-A
 Attorney: Fairfax County Attorney's Office, Alexandria, VA
Case review and consultation with opinion report and deposition.

John Briggs v. Cpl. Anthony Mileo, Prince George's County Md., et al.
Maryland Circuit Court, Prince George's, CAL 01-12434
 Attorney: Timothy McCrone, Ellicott City, MD
Case review, consultation and trial testimony.

Ronald Parks & The Epilepsy Foundation of Southeastern Pennsylvania v. Borough of
Darby, et al.
U.S.D.C. For Eastern Pennsylvania 99-CV-3810
 Attorney: Robert P. Di Domenicis Media, PA
Case review and consultation with opinion report and trial testimony.

Donald Lasoski v. Luzerne Borough, et al.
Pennsylvania Court of Common Pleas Luzerne County No.: 7782-C of 1997
 Attorney: Bruce L. Coyer, Scranton, PA
Case review and consultation with opinion report and trial testimony.

Richard Tarlecki, et al. v. Darby Borough, et al.
U.S.D.C. Eastern District of Pennsylvania, 01-CV-1347
 Attorney: Paola Tripodi-Kaczynski Media, PA
Case review and consultation with report and trial testimony

Harry S. Faust v. Middletown Township, et al.
U.S.D.C. Eastern District of Pennsylvania 99-CV-4080
 Attorney: John Gonzales, Norristown, PA
Case review and consultation with opinion report and trial testimony.

Francis X. Walker V. Upper Darby Township, et al.
U.S.D.C. Eastern District of Pennsylvania 00-CV-0452
 Attorney: Robert Di Domenicis, Media, PA
 Case review and consultation with opinion report and trial testimony.

James R. Bagley, et al. v. Nether Providence Township, et al.
U.S.D.C. Eastern District of Pennsylvania, 98-CV-2238
 Attorney: David J. MacMain, Philadelphia, PA
Case review and consultation with opinion report and trial testimony.

Randolph Hooks v. Ridley Township, et al.
U.S.D.C. Eastern District of Pennsylvania, 97-CV-4385
Attorney: Thomas C. Gallagher, Media, Pa
Case review and consultation with opinion report and trial testimony.

Nathan Banks Jr., et al. v. City of York, et al.
U.S.D.C. Middle District of Pennsylvania, 95-CV-2157,
Attorney: Tracy M. Mack, Philadelphia, PA
Case review and consultation with opinion report and deposition.